## Hopkins, Smith, etc., *v.* R. J. Stoner et al.

**Adverse Possession—Sufficiency of Possession.**

     To acquire title by adverse possession, the possession must have been such as to authorize ejectment every day of the alleged possession.

### APPEAL FROM BULLITT CIRCUIT COURT.

### January 10, 1873.

Opinion by Judge Lindsay:

It is not proved that the parties under whom the Stoners claim and the heirs-at-law of John Hoglan, deceased, and as this fact is denied in the answer of appellants, it was necessary to establish its existence in order to authorize the relief granted.

Besides this, appellees do not pretend that they or those under whom they claim, hold title by regular conveyances to the fifty acres of land in controversy. There is evidence conducing to show that Ben Doorn, deceased, sold by oral contract to John Hoglan, and after an actual survey authorized him to take possession; that he afterwards executed to him a receipt for a sum of money in full satisfaction of the purchase price for fifty acres of land, which we may infer was the land involved in this litigation. If that receipt be regarded as a bond for title it is certain that no conveyance was ever made pursuant to it.

The witnesses speak in general terms of an actual possession by Hoglan and his heirs and the ancestor of these appellees, but when they come to explain, it very clearly appears that the land never has been actually seized and possessed by any of them. There never was a building or enclosure upon it. The Hoglans asserted claim to it, and their claim was recognized by Doorn, but there never was a day so far as the evidence shows that an action of ejectment could have been maintained against them. As limitation will not bar an ejectment unless there has been such an actual adverse possession the requisite length of time, as to have furnished a cause of action every day. (*Jones v. McCauley*, 2 Duvall 15); neither will any other character of holding be deemed sufficient to

enable the party claiming by prescription to maintain an action to enjoin persons from trespassing upon the land claimed.

We are of opinion that the circuit court erred in perpetuating the injunction in this cause. Its judgment is reversed and the cause remanded with instructions to dismiss appellees' petition.

*John E. Newman, for appellant.*

*A. H. Field, for appellees.*